**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| **ELIA PENA** | § | |
| | § | |
| **Plaintiff,** | § | |
| **V.** | § | **CIVIL ACTION NO.  _____** |
| | § | |
| **CHARTER COMMUNICATIONS, INC.** | § | |
| | § | |
| **Defendant.** | § | |
| | § | |

## NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT:

NOW COMES Improperly Named Defendant, CHARTER COMMUNICATIONS, INC. (hereinafter referred to as "Charter"), and files this Notice of Removal pursuant to 28 U.S.C. §1332(a) in this cause and in support thereof shows the Court as follows:

### I.    *Procedural Background*

1.    On or about June 8, 2023, Plaintiff filed her "Original Petition" styled Cause No. 2023DCV-2099-F; *Elia Pena vs. Charter Communications, Inc.*; in the 214th Judicial District Court, Nueces County, Texas.  Charter Communications, Inc. was served with citation on June 14, 2023, and timely filed its Original Answer on July 7, 2023.  Plaintiff's Petition alleges that, "she is seeking monetary relief of less than $75,000.00," but, as set forth in detail below, Plaintiff's monetary claim in her Original Petition is not controlling as Plaintiff's pre-suit settlement demand establishes that she is seeking well in excess of $75,000.00.

### *Nature of Suit*

2.    This lawsuit involves an allegation of personal injury resulting from an alleged wire and/or cable breaking, coming down on Plaintiff's car and allegedly causing her to swerve and receive injury while she was traveling on North Highway 77 near its 100 block in Robstown,

Texas.  Plaintiff asserts negligence claims against Charter for: (1) failing to use ordinary care constructing or maintaining the cables/wires; (2) failing to use ordinary care in supervising, hiring, or training its employees/agents/servants involved with the cables/wires; and (3) failing to adhere to state statues and/or ordinances.

***Basis for Removal***

3.    Removal is proper under 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

**A.  The Amount in Controversy Exceeds $75,000.**

4.    The amount in controversy in this action exceeds, exclusive of interest and costs, the sum of $75,000. Although Plaintiff's Original Petition provides that, "[p]ursuant to TRCP 47 Plaintiff states that she is seeking monetary relief of less than $75,000.00," Plaintiff's allegation is not controlling for several reasons.  *See Plaintiff's Original Petition,* at ¶14.

5.    In state court, Texas Rule of Civil Procedure 47 requires plaintiffs to state in an original petition the range of monetary relief sought among five pre-defined ranges.  Tex. R. Civ. P. 47(c).  The lowest range is "monetary relief of $100,000 or less, including damages of any kind, penalties, costs, expenses, prejudgment interest, and attorneys' fees."  *Id.*  Texas rules do not permit Plaintiffs to request a specific amount of damages beyond one of the ranges.  *See id. See also Espinoza v. Allstate Texas Lloyd's,* 222 F. Supp. 3d 529, 535 (W.D. Tex. 2016). "Accordingly, when a plaintiff alleges in his Texas state court petition that his claim does not exceed $75,000, his pleading contravenes Texas rules and is an attempt to circumvent federal diversity jurisdiction."  *Id. See also Chavez v. State Farm Lloyds*, Civil Action No. 7:15-CV-487, 2016 U.S. Dist. LEXIS 19920, at*2 (S.D. Tex. Feb. 18, 2016); *A&C Discount Pharmacy, L.L.C.*

*v. Caremark L.L.C.*, Civil Action No. 3:16-CV-0264-D, 2016 U.S. Dist. LEXIS 72370, at \*2 n.2 (N.D. Tex. June 3, 2016).

6.    "Furthermore, alleged damages stated in a Texas state court petition cannot prove that the amount in controversy does not exceed that amount as a legal certainty because plaintiffs may supersede those allegations with amended pleadings." *Martinez v. Liberty Ins. Corp.*, No. H-19-3956, 2019 U.S. Dist. LEXIS 217051, at \*4 (S.D. Tex. Dec. 18, 2019) (citations omitted).    In *Martinez*, the Plaintiff's petition stated that the damages did not exceed the value of $74,000 exclusive of interest and costs.    The court held that, "[t]he alleged maximum of $74,000 was not made in good faith and therefore does not control the action's amount in controversy." Id. at \*5. *See also De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1410 (5th Cir. 1995) (holding that a pleading for damages under the jurisdictional amount where a state rule prevents such a pleading, "is surely characterized as bad faith.").    Like *Martinez,* the pleading in Plaintiff's Original Petition in the instant case indicating that she is seeking less than $75,000.00, is made in bad faith, as evidenced by the fact that Plaintiff previously made a $500,000.00 demand.

7.    Furthermore, a plaintiff seeking to avoid federal jurisdiction may do so by filing a binding stipulation with the original complaint that limits recovery to an amount below the jurisdictional threshold. *See, e.g. Mokhtari v. Geovera Specialty Ins. Co.*, Civil action No. H-14-3676, 2015 U.S. Dist. LEXIS 57941, at \*2 (S.D. Tex. May 4, 2015) (plaintiff seeking to avoid federal jurisdiction may do so by filing a **binding stipulation with the original complaint** that limits recovery to an amount below the jurisdictional threshold).    The stipulation must be filed in state court before removal. *See Cavallini v. State Farm Mutual Auto Ins. Co.*, 44 F.3 256, 264 (5th Cir. 1995); *see also Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000).    In this

case, Plaintiff did not file a stipulation limiting her damages to less than $75,000.00, with her original complaint or prior to removal.

8.    Furthermore, it is appropriate to utilize a pre-litigation demand letter when determining amount in controversy. *See Martinez v. Liberty Ins. Corp.*, 2019 U.S. Dist. LEXIS 217051 at *4; *see also Fairchild v. State Farm Mut. Auto. Ins. Co.*, 907 F. Supp. 969, 971 (M.D. La. 1995) (finding that a pre-removal settlement demand letter "is valuable evidence to indicate the amount in controversy at the time of removal"). In *Martinez*, the plaintiff argued that his pre-suit demand letter showed that the true amount in controversy was less than $75,000. The demand letter sought $29,40.55 for damages, plus $3,850 for attorney's fees and other expenses. It also threatened litigation under the Texas Deceptive Trade Practices Act, where damages would be subject to trebling, although Plaintiff expressly said he would not seek more than $75,000 if he sued. Disregarding the letter's non-binding promise, the letter included a claim for treble damages plus attorneys' fees, which exceed $75,000. The *Martinez* court determined that the demand letter accordingly showed the amount in controversy exceeded $75,000, and therefore the court had diversity jurisdiction unless plaintiff could prove to a legal certainty that he would not recover more than $75,000.

9.    In the instant case, the Plaintiff made a pre-suit demand on March 15, 2022, claiming that Plaintiff's medical bills for past medical treatment at that time totaled <u>$49,480.00</u> and that her <u>medical expenses were ongoing</u>. See Plaintiff's Demand Letter dated March 15, 2022, attached as **Exhibit "A."** Nearly 16 months have passed since Plaintiff's demand, and according to Plaintiff's Demand Letter, the medical expenses have likely increased based on Plaintiff's assertion that they were "ongoing." Significantly, **<u>Plaintiff's Demand letter goes on to demand</u>**

**the total sum of $500,000.00.** *See Id.*    Plaintiff's Demand Letter establishes, by clear evidence, that the amount in controversy exceeds $75,000.

10.    Finally, Plaintiff's Original Petition, claims that she suffered personal injuries and damages in over ten different categories, including:

> a.  Past medical expenses;
> b.  Future medical expenses;
> c.  Past and future lost wages;
> d.  Past and future disfigurement;
> e.  Pain, suffering and mental anguish in the past and future;
> f.  Physical impairment in the past and in the future;
> g.  Property damage and out-of-pocket expenses;
> h.  Exemplary damages;
> i.  Prejudgment interest and post judgment interest; and
> j.  Costs of suit.

See Plaintiff's Original Petition at ¶13.

11.    The foregoing provides clear and convincing evidence that the amount in controversy exceeds $75,000.00.

**B.  Complete Diversity Exists Among the Parties**

12.    Plaintiff has pled that she is an individual who is domiciled in the State of Texas, and based on information and belief, including Plaintiff's medical records, Plaintiff was domiciled in Texas at the time this action was commenced. *See Plaintiff's Original Petition* at ¶2.  Plaintiff was at the time this action was commenced and is now a citizen of the State of Texas.

13.  CHARTER COMMUNICATIONS, INC., is a corporation incorporated under the laws of the State of Delaware, having its principal place of business now and at the time this action was commenced at 400 Washington Blvd., Stamford CT, 06902. Charter is now and was at the

time this action commenced a citizen of the State of Connecticut and/or Delaware and of no other state. Accordingly, complete diversity exists between Plaintiff and Charter.[1]

### *The Removal is Procedurally Correct*

14.   Plaintiff's Original Petition in this action was filed on June 8, 2023. Charter was served with Plaintiff's Original Petition on June 14, 2023. Removal of this case is filed within thirty (30) days of the date that the only Defendant who was not a citizen of the State of Texas was served with the lawsuit and is timely and proper under 28 U.S.C. §1446(b).

15.   Venue is proper in this district under 28 U.S.C. § 1441(a) because the state court where the suit is pending is in this district.

16.   Pursuant to 28 U.S.C. § 1446(a), copies of all pleadings, process, and orders served on and by Charter in the state action are attached to this Notice of Removal as **Exhibit "B."**

17.   Pursuant to 28 U.S.C. §1446(d), Charter will promptly serve upon Plaintiff a true and correct copy of this Notice of Removal as required by law.

18.   Pursuant to U.S.C. §1446(d), a true and correct copy of this Notice will be filed with the District Clerk for the 214th Judicial District for Nueces County, Texas, promptly after Charter files this Notice.

### JURY DEMAND

19.   A jury demand was included in the Original Petition filed by Plaintiff in the state court action.

---

[1] Charter's Original Answer indicates that Charter is not a proper party and the proper party is SPECTRUM GULF COAST, LLC. The fact that SPECTRUM GULF COAST, LLC, is a proper party is immaterial as diversity jurisdiction is determined at the time of removal. Furthermore, SPECTRUM GULF COAST, LLC is a limited liability company organized under the laws of the State of Delaware, having its principal place of business now and at the time this action was commenced at 12405 Powerscourt Drive, St. Louis, MO 63131. SPECTRUM GULF COAST, LLC is now and was at the time this action commenced a citizen of the State of Missouri and/or Delaware and of no other state.

WHEREFORE, CHARTER COMMUNICATIONS, INC. requests that this action be removed from the 214th Judicial District for Nueces County, Texas to the United States District Court for the Southern District of Texas, Corpus Christi Division, and that this Court enter such further orders as may be necessary and appropriate.

Dated:  July 13, 2023.

Respectfully submitted,

LAW OFFICE OF MARC A. NOTZON, P.C.
120 Austin Highway, Suite 102
San Antonio, Texas 78209
(210) 821-5366
(210) 821-5334 FAX

By:  _____
MARC A. NOTZON
Attorney-in-Charge
State Bar No. 15119010
Federal Bar No. 17834
marc@notzonatlaw.com
RAQUEL G. PÉREZ
State Bar No. 00784746
Federal Bar No. 19187
raquel@notzonatlaw.com

ATTORNEYS FOR IMPROPERLY NAMED DEFENDANT CHARTER COMMUNICATIONS, INC.

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing document was served this 13th day of July 2023, upon the following:

**VIA ELECTRONIC SERVICE**
Stephen Brice Burris
Brice@fears.com
FEARS LAW FIRM
5473 Blair Road
Dallas, Texas 75231
ATTORNEY FOR PLAINTIFF

MARC A. NOTZON